```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
CLAUDIA RIVAS, as parent and natural guardian of     :
S.C., and CLAUDIA RIVAS, individually,               :
:
                        Plaintiffs,     :         22-cv-10007 (LJL)
:
               -v-     :         ORDER
:
DAVID C. BANKS, in his official capacity as Chancellor :
of the New York City Department of Education, and    :
NEW YORK CITY DEPARTMENT OF EDUCATION,               :
:
                        Defendants.     :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs' motion for reconsideration, Dkt. No. 29, of the Court's Opinion and Order, Dkt. No. 28, is DENIED.

      "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

      Plaintiffs argue that the Court erred in ruling that their challenge to the wheelchair accessibility of S.C.'s assigned school was foreclosed from judicial review. Dkt. No. 30 at 5. According to Plaintiffs, requiring parents to preserve accessibility challenges imposes an undesirable burden on parents. *Id.* at 7. But Plaintiffs' objection amounts to a policy disagreement with the preservation framework articulated in *C.F. ex rel. R.F. v. New York City Department of Education*, 746 F.3d 68, 78 (2d Cir. 2014), rather than a controlling decision or consideration that warrants reconsideration.

      Plaintiffs also assert that the Court erroneously deferred to the Impartial Hearing Officer ("IHO") and State Review Officer ("SRO") on the legal question of whether Plaintiffs had preserved their wheelchair accessibility challenge. Dkt. No. 30 at 8. Plaintiffs are mistaken.

The Court observed that neither the IHO nor the SRO had reached the accessibility challenge, Dkt. No. 28 at 24–25, because courts in this District have held that an issue omitted from a Due Process Complaint is nevertheless reviewable if "both the IHO and SRO reach[ed] the issue on the merits," *Davis v. Carranza*, 2021 WL 964820, at *6 (S.D.N.Y. Mar. 15, 2021) (quoting *S.B. v. N.Y.C. Dep't of Educ.*, 117 F. Supp. 3d 355, 362 (S.D.N.Y. 2015)); *see also C.F.*, 746 F.3d at 78.  Thus, the Court's recognition that the IHO and SRO had not addressed Plaintiffs' accessibility challenge did not constitute improper deference on a legal question.

While Plaintiffs dispute the Court's conclusion that the accessibility of S.C.'s assigned school did not go to the heart of the dispute, Dkt. No. 30 at 9, they merely "reiterate arguments that were previously considered and rejected, [so] a motion for reconsideration on this ground is unwarranted." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 288 (S.D.N.Y. 2020).

Finally, Plaintiffs contend that the Court erred in assessing whether they had preserved their accessibility challenge because the Department of Education bears the burden of showing that it offered S.C. a free appropriate public education.  Dkt. No. 30 at 11.  But "[w]hen seeking to overturn an SRO's decision, the *Parents* bear the burden of demonstrating that the decision was insufficiently reasoned or supported." *N.B. v. N.Y.C. Dep't of Educ.*, 711 F. App'x 29, 32 (2d Cir. 2017) (summary order) (emphasis added).  Moreover, permitting Plaintiffs to recharacterize their unpreserved accessibility challenge as a deficiency in Defendants' prima facie case would create an obvious end-run around *C.F.*'s preservation framework.  *See Glob. Reins. Corp.-U.S. Branch v. Certain Underwriters at Lloyd's, London*, 465 F. Supp. 2d 308, 311 (S.D.N.Y. 2006) (refusing to allow "an end-run around well-established Second Circuit precedent").

In sum, Plaintiffs have not established their entitlement to the "extraordinary remedy" of reconsideration.  *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016)).  Their motion for reconsideration of the Court's Opinion and Order is therefore denied.

The Clerk of Court is respectfully directed to close Dkt. No. 29.  Defendants shall confer with Plaintiffs and file a proposed judgment consistent with the Court's Opinion and Order, Dkt. No. 28, no later than February 12, 2024.

SO ORDERED.

Dated: January 25, 2024
      New York, New York

                                            LEWIS J. LIMAN
                                      United States District Judge